UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE REED, IV, | ) | CIV 10-5001-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| PA BLAKE, Physician Assistant, | ) | |
| Pennington County, DOC; | ) | |
| CORRECTIONAL OFFICER, | ) | |
| Pennington County, DOC; | ) | |
| MEDICAL STAFF, | ) | |
| Pennington County, DOC, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

MAR 2 5 2010

CLERK

**NATURE AND PROCEDURE OF THE CASE**

Plaintiff, an inmate, commenced this action pursuant to 42 U.S.C. § 1983 seeking redress for the alleged violation of his constitutional rights. The complaint was filed January 8, 2010. That same day, plaintiff filed a motion to proceed *in forma pauperis*. An Order was issued on January 11, 2010, granting the motion to proceed *in forma pauperis* and ordering service upon defendants. On February 11, 2010, after service upon defendants, plaintiff moved to amend the complaint to add additional parties. On February 16, 2010, the originally named defendants filed their answer. On February 25, 2010, this matter was reassigned to this Court.

# DISCUSSION

## A. Screening

Under 28 U.S.C.§ 1915A, the Court is required to screen each prisoner case to determine if it should proceed. It provides as follows:

> (a) **Screening.** - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.** - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. Accordingly, the Court shall review the complaint in accordance with the statute.

Plaintiff alleges that defendants refused to treat his medical condition which resulted in joint replacement. The complaint states as follows:

> When I was picked up on the alleg Indictment In Sept 7, I was placed in the cell untreated of medical condition Laying on hard Floor causing my Joints to swell and ache. PA Black[1] visit me. Told me there was nothing He could Do For my pain or condition. After Release visit medical Doctor and surgeon - MRI was done Joints had to Be Replaced Last Replacement 8-08 Prison 2-09 No proper after care is Being Done.

---

[1] The Court notes a discrepancy between the named defendant, PA Blake, and the individual who allegedly violated plaintiff's rights, PA Black.

Complaint, Docket #1. Plaintiff seeks reimbursement for his medical expenses as well as damages in the amount of $1.5 million.

The Court finds that plaintiff's complaint is vague and conclusory. The Eighth Circuit has held that "[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting is conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). Plaintiff does not provide specific facts to support his claim other than conclusory statements that he has a medical condition and that he was denied treatment. Furthermore, it appears from plaintiff's claim that he was seen by medical personnel but that he disagrees with the course of treatment prescribed by said personnel. The Eighth Circuit has held that prisoners do not have a right to any particular treatment they wish. See Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). Finally, plaintiff does not allege how each of the named defendants were personally involved in the alleged violations of his constitutional rights. As a result, his claims are not cognizable under § 1983. See Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001). Accordingly, the Court finds that the complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

B.  Motion to Amend the Complaint

Plaintiff has also moved to amend his complaint to add parties. He wishes to add Alissa A. Foos, Earl Miranda, and Warren Poches. Plaintiff merely lists the claims that he wishes to pursue against each individual and does not provide the Court with any facts supporting his claims. See Martin, 780 F.3d at 1337. He further does not show

how each of these individuals were acting under the color of state law or how they are involved with the alleged deprivation of his constitutional rights that is the basis for this action. As a result, the Court finds that the motion to amend should not be granted. Accordingly, it is hereby

ORDERED that plaintiff's motion to amend (Docket #18) is denied.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket #1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that plaintiff remains obligated to pay the filing fee in its entirety.

IT IS FURTHER ORDERED that an appeal of this Order would not be taken in good faith.

Dated this 25th day of March, 2010.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE